TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00824-CR






Roy Villarreal, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0974116, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant Roy Villarreal guilty of recklessly causing serious bodily
injury to a child, then assessed punishment at imprisonment for fifteen years and a $10,000 fine. 
Tex. Penal Code Ann. § 22.04(a)(1) (West 1994). Appellant brings forward two issues, or points
of error, complaining of the admission of certain photographs. Finding no error, we will affirm
the conviction.

The injured child was the two-year-old daughter of appellant's common law wife. 
Emergency medical technicians were called to appellant's residence on August 4, 1996, where
they found appellant alone with a four-month-old baby and the injured child, who was lying
unconscious on the floor. Appellant said the child had fallen from the couch. At the hospital, it
was determined that the child was suffering from a subdural hematoma and retinal bleeding, the
hallmarks of "shaken baby syndrome." Surgery was immediately performed to relieve the
pressure on the child's brain caused by the bleeding inside the skull. The surgeon testified that
without the surgery, the child would have died. Appellant was indicted and tried for intentionally
or knowingly injuring the child, but the jury found him guilty of the lesser offense of reckless
injury. Appellant does not challenge the sufficiency of the evidence to support the jury's verdict.

Appellant first complains of the admission of six photographs showing the interior
and exterior of appellant's residence. Appellant did not object to three of these photographs
(State's exhibits 6, 7, and 8) when they were offered in evidence, and thereby failed to preserve
any error for review. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1). We will limit our
discussion under this point to the remaining photographs. Exhibit 3 is a photograph of the dining
table, on which the remains of a meal can be seen. Exhibits 10 and 11 are photographs of the
exterior of the house showing, in appellant's words, "an unkempt yard." The photographs were
taken by a police officer several hours after the child was taken to the hospital. Appellant urges
that the photographs were not relevant in that they "bear not on the consequential facts of the case,
but rather stand as a representation of slovenliness." 

Evidence is relevant if it has "any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable than it would
be without the evidence." Tex. R. Evid. 401. The determination whether particular evidence is
or is not relevant is committed to the trial court's discretion, and will not be disturbed on appeal
absent a clear showing that this discretion was abused. See Montgomery v. State, 810 S.W.2d
372, 390 (Tex. Crim. App. 1990) (opin. on reh'g).

We believe the district court could reasonably conclude that the three photographs
in question were relevant to show the circumstances under which the child was living at the time
of the alleged abuse. Although appellant now suggests that the State sought to unfairly prejudice
him with evidence of "untidy comportment" and "slovenliness," he did not voice such an
objection at trial. See Tex. R. Evid. 403. Moreover, he does not refer us to any remark by a
prosecutor or State witness that might be interpreted as suggesting such a prejudicial purpose. We
hold that the district court did not abuse its discretion by admitting the challenged photographs
over appellant's relevance objection and overrule the first point of error.

Appellant next contends that a photograph of the injured child taken immediately
after her surgery was erroneously admitted in evidence. The photograph shows the child lying
in a bed with tubes and other medical devices attached to her body. Appellant urges that the
photograph was irrelevant and unfairly prejudicial.

Evidence of the nature and extent of the child's injuries was relevant to prove the
culpable act alleged in the indictment and the culpable mental state with which it was committed. 
The court could reasonably conclude that the photograph was illustrative of the child's injuries,
and hence relevant. Moreover, we find no abuse of discretion in the court's determination that
the relevance of the photograph was not outweighed by the danger of unfair prejudice. There is
nothing particularly gruesome about the photograph. While no sensitive person can look at the
picture without feeling sympathy for the child, we cannot say that such sympathy constitutes unfair
prejudice, much less that it outweighs the probative value of the exhibit. Point of error two is
overruled.

The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: January 14, 1999

Do Not Publish



994). Appellant brings forward two issues, or points
of error, complaining of the admission of certain photographs. Finding no error, we will affirm
the conviction.

The injured child was the two-year-old daughter of appellant's common law wife. 
Emergency medical technicians were called to appellant's residence on August 4, 1996, where
they found appellant alone with a four-month-old baby and the injured child, who was lying
unconscious on the floor. Appellant said the child had fallen from the couch. At the hospital, it
was determined that the child was suffering from a subdural hematoma and retinal bleeding, the
hallmarks of "shaken baby syndrome." Surgery was immediately performed to relieve the
pressure on the child's brain caused by the bleeding inside the skull. The surgeon testified that
without the surgery, the child would have died. Appellant was indicted and tried for intentionally
or knowingly injuring the child, but the jury found him guilty of the lesser offense of reckless
injury. Appellant does not challenge the sufficiency of the evidence to support the jury's verdict.

Appellant first complains of the admission of six photographs showing the interior
and exterior of appellant's residence. Appellant did not object to three of these photographs
(State's exhibits 6, 7, and 8) when they were offered in evidence, and thereby failed to preserve
any error for review. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1). We will limit our
discussion under this point to the remaining photographs. Exhibit 3 is a photograph of the dining
table, on which the remains of a meal can be seen. Exhibits 10 and 11 are photographs of the
exterior of the house showing, in appellant's words, "an unkempt yard." The photographs were
taken by a police officer several hours after the child was taken to the hospital. Appellant urges
that the photographs were not relevant in that they "bear not on the consequential facts of the case,
but rather stand as a representation of slovenliness." 

Evidence is relevant if it has "any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable than it would
be without the evidence." Tex. R. Evid. 401. The determination whether particular evidence is
or is not relevant is committed to the trial court's discretion, and will not be disturbed on appeal
absent a clear showing that this discretion was abused. See Montgomery v. State, 810 S.W.2d
372, 390 (Tex. Crim. App. 1990) (opin. on reh'g).

We believe the district court could reasonably conclude that the three photographs
in question were relevant to show the circumstances under which the child was living at the time
of the alleged abuse. Although appellant now suggests that the State sought to unfairly prejudice
him with evidence of "untidy comportment" and "slovenliness," he did not voice such an
objection at trial. See Tex. R. Evid. 403. Moreover, he does not refer us to any remark by a
prosecutor or State witness that might be interpreted as suggesting such a prejudicial purpose. We
hold that the district court did not abuse its discretion by admitting the challenged photographs
over appellant's relevance objection and overrule the first point of error.

Appellant next contends that a photograp